### Thompson & Rawles *vs.* Real Estate Bank.

Where a case is discontinued as to one of the defendants, his death being previously suggested, and the discontinuance not excepted to, it is no error, though the death of that defendant was not *proven.*

In an action against the maker of a note or bond, or acceptor of a bill, presentment and demand need neither be averred nor proved.

The act of March 3d, 1838, in regard to Bank interest, does not apply to the Real Estate Bank.

If a defendant, in a suit by the Real Estate Bank, pleads usury, and misstates the rate of interest allowed by law, the plea is bad, on demurrer.

This was an action of debt, determined in the Phillips Circuit Court, in November, 1841, before the Hon. Isaac Baker, one of the circuit judges. The Bank sued Stewart, C. Mooney, Davis Thompson, and John H. Rawles, on their joint and several note, for $600. Thompson & Rawles craved oyer, which being granted, they pleaded *nil debet,* and usury, in taking more than seven per centum per annum interest in advance, on a loan for nine months. To the plea of usury, the plaintiff demurred, and the demurrer was sustained. The suit was then abated, as to Mooney, on a suggestion of his death; and the case was tried by a jury, who found for the plaintiff. The Court instructed the jury, that no allegation or proof of presentment or de-

mand, (the note being payable at the Bank at Helena), was necessary; to which the defendants excepted, and brought the case up by writ of error.

*W. & E. Cummins,* for plaintiffs in error.    The Court erred in abating the suit as to Mooney, without proof of his death.    *Ch.* 1, *sec.* 8, *Rev. St.*    2 *Ark. Rep.* 183.    *Hartness et al. vs. Thompson and wife, et al.,* 5 *J. R.* 160.    The law presumes life, until the contrary appears.    *Wilson vs. Hodges,* 2 *East.* 312.

The other points in the case, determined and reported in previous cases, were also argued by *W. & E. Cummins,* for pl. in error, and *Pike & Baldwin,* contra.

*By the Court,* LACY, J.    All the points, except one, have heretofore been ruled against the plaintiffs in error, by this Court, and that one was correctly decided by the Court below.    It was not error to discontinue the cause, as to one of the defendants on the record, his death being previously suggested, and the discontinuance not excepted to.    It was held, in *Sumner vs. Ford & Co.,* 3 *Ark. Rep.* 389, that, in an action against the maker of a promissory note, or an acceptor of a bill of exchange, made payable at a particular place, it was not necessary to aver or prove presentment or demand, at that place; and it was decided, in *McFarland vs. State Bank,* 4 *Ark. Rep.,* that the rate of interest prescribed by act of 3d of March, 1838, does not apply to cases of the Real Estate Bank; and it was settled, in *McKiel et al. vs. Real Estate Bank,* at the last term of this Court, that, where the defendants plead usury, and referred, in their plea, to the charter and the statute, stating a rate of interest different from the one therein prescribed, such a plea would be adjudged bad, on demurrer.    The reason is, the pleader was bound to set out the true rate of interest, in his plea, which the Bank, by law, was authorized to take.    He must aver, in his plea, facts which show that, according to the law of the land governing the contract, the interest charged and taken is usurious.    This, the plaintiffs in error have failed to do.    Therefore, the demurrer was rightly sustained.                    Judgment affirmed.